UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHERINE N. FERRERA,

      Plaintiff,

    v.                                                   No. 2:11-00053-MV-LAM

BOARD OF THE GADSDEN
INDEPENDENT SCHOOL DISTRICT,
in their capacity as School Board
Members and in their individual
capacities; and CYNTHIA NAVA, in her
official capacity as Superintendent for
the District and in her individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court on Plaintiff Catherine N. Ferrera's *Motion to Remand* (Doc. 13) and *Motion for Leave to Amend Plaintiff's Complaint* (Doc. 14). In a single-count action for breach of contract, Plaintiff's Complaint alleges that her firing by Defendants constituted, *inter alia,* a failure to comply with the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. (the "ADA"), and the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq. (the "FMLA"). Defendants removed the case from state court to this Court, citing the existence of federal-question jurisdiction. On the instant motions, Plaintiff argues that subject matter jurisdiction remains in the state court and that she should be permitted to amend the Complaint to jettison any otherwise misleading references to the ADA and the FMLA. The Court, having considered the motions, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Plaintiff's *Motion for Leave to Amend Plaintiff's Complaint* (Doc. 14) should be **GRANTED.** The Court will order supplemental briefing on whether the standards

established by the ADA and FMLA continue to figure into Plaintiff's amended contractual claim, and thus, whether the Court should exercise its discretion to retain jurisdiction over a case that was plainly subject to federal-question jurisdiction at the time the Complaint was filed.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a former teacher in Defendant Gasden Independent School District ("the District"). The other Defendant, Cynthia Nava, is Superintendent of the District.

### I.  The Complaint

On December 27, 2010, Plaintiff filed a Complaint in the Third Judicial District for Doña Ana County, New Mexico asserting a single count for breach of contract, based on Defendants' alleged violations of the conditions of her employment. The Complaint was organized as follows:

*Jurisdiction*

In the section of the Complaint titled "Jurisdiction and Venue," Plaintiff stated that the state court "has jurisdiction pursuant to state and federal laws." (Doc. 13 Ex.1, Cplt. ¶ 10).

*Factual Allegations*

Plaintiff's factual allegations recite that she began working for the District as a visual arts teacher in 2004, working under a renewable yearly contract. She asserts that she has been HIV-positive since before she began her employment with Defendants, and that her condition "disabled her in the following respects: depression, post-traumatic stress disorder, and anxiety." *Id.* ¶ 20. The Complaint alleges that, beginning in early 2009, Defendants – acting through Plaintiff's direct supervisor, Sunrise Elementary School Principal Cecilia Dorin – "made inappropriate demands upon Plaintiff which failed to accommodate her disability and resulted in

sufficient stress to Plaintiff that she was absent more from her teaching duties than she would normally take." *Id.* ¶ 22.  It further recites that Plaintiff filed an internal grievance with Defendants in the summer of 2009, and that, on July 23, 2009, Defendants determined, *inter alia*, that she suffered from substantial impairments and was eligible for reasonable accommodation in her conditions of employment.

In the fall of the 2009-2010 school year, Plaintiff was transferred from her longtime position as an elementary-school art teacher at Sunrise Elementary to a non-teaching administrative position.  The resulting "undue and unnecessary stress . . . affected her disability and caused her to be physically sick." *Id.* ¶ 34.  At a date not identified in the Complaint but apparently during the same school year, Plaintiff was subsequently hired as an art teacher at Chaparral High School, but was later removed from the position by the school's principal and made a substitute teacher instead. Plaintiff alleges that being "being placed in an arena [for] which she was not trained . . . caused her great stress and seriously affected her health both mentally and physically," to the point that she could no longer work.  *Id.* ¶ 39.

The Complaint alleges that in early 2010, Plaintiff left her position on the advice of her doctors.  Defendants then terminated her health insurance benefits, "which [were] critical to her treatment in containing her HIV medical problems," so that Plaintiff was required to personally pay the premiums on her health insurance.  *Id.* ¶ 42.  In March 2010, Plaintiff appealed to Defendants to timely make the premium payment.  Defendants failed to do so, and Plaintiff's health insurance was cancelled.  Plaintiff alleges that the cancellation of her policy has gravely affected her financial status, and that the "incredible stress created by Defendants' egregious conduct" sent her into a depression which further compromised her health.  *Id.* ¶ 46.

*Plaintiff's Count I for Breach of Contract*

The single cause of action listed in the Complaint – for breach of contract – states that during the relevant time period, Plaintiff was operating under her annual contracts with the District for the 2008-2009 and 2009-2010 school years, and that she received notice of the district's intent to reemploy her for the 2010-2011 school year in July 2010, six months after her heath insurance was cancelled.

Paragraph 51 of the Complaint asserts that Defendants breached Plaintiff's contract with the District by not allowing her to continue to teach at Sunrise Elementary School.

Paragraphs 52 and 53 assert two other "conditions of breach," pursuant to the ADA and the FMLA, respectively.  Paragraph 52 recites that the Board is an employer covered by the ADA; Plaintiff is "an employee and qualified individual with a disability as those terms are defined under the [ADA]"; Defendants' "directly and proximately caused the resultant injuries and damages to Plaintiff" and did so recklessly and maliciously; "[a]ll requirements for coverage under the [ADA] have been met"; Defendants nevertheless "refused her accommodation" under the ADA; and "[r]esulting from these violations, the contract that Plaintiff had with Defendant was breached."

Paragraph 53 recites that the Board is an employer within the meaning of the FMLA; Plaintiff is an eligible employee who at all relevant times had serious health conditions as defined by the FMLA; due to these "conditions brought on by the stress and specific acts of the Defendants to remove her from the District [sic]"; and "Defendants violated and interfered with Plaintiff's rights under the [FMLA] in breach of her contract with Defendants."

**II.  Removal**

On January 17, 2011, Defendants removed the action to this Court.  The Notice of Removal stated that the Court "has original jurisdiction pursuant to 28 U.S.C. § 1441 (a), (b), and (c) and D.N.M.LR-81.1(a)" because the case "arises predominantly under the federal law provisions of the [FMLA] and the [ADA]."  (Doc. 1 at 2).

## RELEVANT LAW REGARDING REMOVAL

28 U.S.C. § 1441(b) provides for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law.  "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted).  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*  "This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  Because federal courts are courts of limited jurisdiction, there is a presumption that no federal jurisdiction exists "absent an adequate showing by the party invoking federal jurisdiction."  *United States ex. rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

Pursuant to 28 U.S.C. § 1446(a), defendants who seek to remove a civil action from state court to federal district court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for

5

removal, together with a copy of all process, pleadings, and orders served upon . . . defendants in such action." The federal court's original subject-matter jurisdiction must "affirmatively appear in the record." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (marks omitted). Thus, defendants must show through their notice of removal that the plaintiff's well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

"Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First National Bank*, 299 U.S. 109, 116 (1936). The federal right "must be an element, and an essential one, of the plaintiff's cause of action." *Id.* at 112. *See also Franchise Tax Bd.*, 463 U.S. at 27-28 ("Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily *depends on resolution of a substantial question of federal law*.") (emphasis added); *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) ("The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on susbstantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.").

There is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties," though it is clear that a district court may not refuse removal jurisdiction over a plaintiff's claims "simply because they appeared in state raiment." *Id.* at 314. The Supreme Court has indicated that a state-law claim raises a

substantial federal question where it raises a disputed federal issue; the federal interest in the issue is substantial; and the exercise of jurisdiction does not disturb any congressionally approved balance of federal and state responsibilities.  *Id.*

## **DISCUSSION**

Plaintiff brings both of the instant motions with the same end in mind – remand to the state court.  With respect to her motion to remand, she argues that the Complaint presents a single claim for breach of contract that "does not rely upon," "fall within the scope of," or "arise out of any claim directly related to" the ADA or the FMLA, and thus does not present a federal question.  (Doc. 13 at 3).  Because these federal statutes are not "the source of [her] contractual claim," Plaintiff contends that they need not be construed by the trier of fact, and indeed, insists that she "exclusively relied on state law to avoid federal jurisdiction issues."  *Id.* at 4. Explaining the significance of the ADA and FMLA to her contract claim, Plaintiff states:

> [In] Paragraph 52, the **reference to the Americans with Disabilities Act** was only to point out that the Defendants were subject to it as Plaintiff's employer, and Defendants' failure to comply was a further **example of their breach of her contractual rights** with the Defendant district. . . .
>
> Paragraph 53, referencing the **Family Medical Leave Act**, was no more than a **reference that the Defendants**, as an employer of Plaintiff, **violated and interfered with Plaintiff's contract rights.**

*Id.* (emphasis added).

With respect to her motion to amend, Plaintiff requests leave of the Court to jettison any references to the ADA and the FMLA from the Complaint, which she contends will "leave no question about [her] claim being limited to state jurisdiction."  (Doc. 14 at 2).

Defendants respond that jurisdiction lies with this Court because Plaintiff cannot demonstrate breach of contract without prevailing on the issue of whether Defendants violated the two federal statutes. They further argue that Plaintiff's motion to amend should be denied because it was brought in bad faith, and that even if the proposed deletions are allowed, the Court should nonetheless retain jurisdiction because Plaintiff will continue to attempt to establish breach of contract using the standards for establishing claims under the ADA and FMLA.

## I. **Removal Was Proper**

As a threshold matter, the Court finds that Defendants' removal of the instant case to this Court was proper. The Supreme Court has consistently held that a federal court has subject matter jurisdiction over an action not only when the action sets forth a claim under federal law, but also where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. *See also id.* at 9 ("We have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law"). Moreover, a plaintiff may not "avoid removal jurisdiction by artfully casting [her] essentially federal law claims as state-law claims." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n.2 (1981) (quotation marks, citations, and edits omitted).

While the Complaint does not set forth separate counts under the ADA and the FMLA, the main thrust of Plaintiff's allegations is that Defendants failed to accommodate her disability when changing the terms of her renewable annual employment contracts with the District. *See, e.g.*, Doc. 13 Ex. 1, Cplt. ¶ 22 (Defendants "made inappropriate demands upon Plaintiff which failed to accommodate her disability"; *id.* at ¶ 23 (Defendant's conduct was "non-

accommodating" and amounted to "disparate treatment"); *id* at ¶¶ 32-33 (describing Defendants' determination that Plaintiff was disabled and eligible for reasonable accommodation and subsequent placement in a non-teaching position); *id.* at ¶ 34 (alleging that job transfer "affected her disability"); *id*. at ¶ 39 (alleges that changes in her position were calculated "to frustrate and stress Plaintiff [] to the point she could not work because of her disability"); *id*. at ¶¶ 42-45 (allegation that Defendants' cancellation of her health insurance benefits which were "critical to her treatment in containing her HIV[-related] medical problems" has caused her health to decline further).  Plaintiff's disability status thus underlies the whole of her Complaint.  Indeed, under the heading for Count I, the Complaint describes three "conditions of breach," two of which are set forth at length: Defendants' alleged violations of the ADA and the FMLA.  Accordingly, the Court concludes that the Complaint pleads two federal causes of action for both these federal statutes.  *See* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein").

     Plaintiff contends that the federal statutory violations alleged in the Complaint are merely alternate theories of liability, and that she may obtain relief on her state-law claim for breach of contract without prevailing on them.  A complaint's presentation of "a single theory under which resolution of a [federal] question is essential" is not necessarily sufficient to obtain federal jurisdiction.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988).  "If 'on the face of a well-pleaded complaint there are . . . reasons completely unrelated to the provisions and purposes of [a federal law or laws] why the [plaintiff] may . . . be entitled to the relief [she] seeks, then the claim does not 'arise under' those laws." *Id.,* quoting *Franchise Tax Bd.*, 463

U.S. at 26.  Here, while Plaintiff does not point to the area of the Complaint that sets forth her "completely unrelated" state-law contract claim, she appears to refer to Paragraph 51, which presents a third "condition of breach": that "Defendants intentionally and willfully breached Plaintiff's contracts with the District by their egregious conduct of not allowing her to continue to teach at Sunrise Elementary School."  *Id.* at  ¶ 51.  However, the factual allegations surrounding Plaintiff's forced transfer from her teaching position – that it was precipitated by Defendants' accusation that Plaintiff was taking excessive medical absences and subsequent determination that she was substantially impaired and entitled to reasonable accommodation in her employment – are apparently the same as those underlying the other two "conditions of breach," and all implicate Plaintiff's disability status.   Moreover, Plaintiff has not offered any standard by which to measure Defendants' conduct other than those set forth by the ADA and the FMLA.  Thus, the Court finds that resolution of a federal question is necessary to resolve Plaintiff's contractual claim.

Therefore, the Court finds that it had jurisdiction over this case at the time of removal.

## II.  Amendment Will Be Permitted

Having determined that this Court has subject matter jurisdiction over Plaintiff's original Complaint, we must now consider whether amendment should be allowed, and if it is, whether the Court should properly retain jurisdiction over the amended Complaint.

Federal Rule of Civil Procedure 15 provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The decision to [allow] amend[ment of] the pleadings . . . lies within the sound discretion of the district court." *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993). The Court may refuse to permit amendment for

various reasons including "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, [and] futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). However, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff seeks to amend her Complaint in three ways. First, she proposes to alter Paragraph 10, which states that "[t]his Court has jurisdiction pursuant to state **and federal laws. . . .**," (emphasis added), to omit the highlighted words. Second, Plaintiff proposes to delete Paragraph 52, which alleges that her employment contract was breached by Defendants' failure to comply with the ADA. Lastly, Plaintiff proposes to delete Paragraph 53, which recites her theory that her contract was breached by Defendants' failure to comply with the FMLA.

Defendants argue that the Court should deny Plaintiff leave to amend because Plaintiff "is attempting in bad faith to file an amended complaint in order to have her case remanded to state court [where she will proceed to] apply the same requirements and standards of federal law under the ADA and the FMLA to her state-law breach of contract claim. . . . Plaintiff is simply clothing her federal claims as a broad state-law claim of breach of contract to escape federal jurisdiction." (Doc. 16 at 4).

Below, the Court will consider the implications of Plaintiff's potentially seeking to revisit her substantially federal claim if this case is remanded to the state court. However, we will not take the extraordinary step of denying amendment on account of bad-faith actions Plaintiff has yet to evince a willingness to take. Because Defendants have not shown that Plaintiff's objective in bringing the instant motions is to improperly backdoor federal claims into a state court

proceeding, the Court will allow the proposed amendments.

### III. Whether the Court Should Retain Jurisdiction Over the Amended Complaint

Plaintiff contends that divesting her Complaint of any references to the ADA and/or the FMLA will "leave no question about [her] claim being limited to state jurisdiction." (Doc. 14 at 2). This contention overlooks the fact that "federal jurisdiction . . . is determined at the time the complaint was filed and is not affected by subsequent changes in the claims." *Lord. v. Jacobs,* 2006 U.S. Dist. LEXIS 26855, at *2 (D.N.H., April 16, 2006); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 (1st Cir. 2004); *Westmoreland Hosp. Ass'n v. Blue Cross, etc.*, 605 F.2d 119, 123 (3rd Cir. 1979). Nevertheless, because the instant motions have been brought at an early stage in the litigation, the Court will decline to retain jurisdiction over Plaintiff's contractual claim and remand the case to state court if it can be assured that Plaintiff has withdrawn her federal claims, and not merely her explicit references to two federal statutes.

Plaintiff's intentions are not clear from her briefs, which suggest that, because the original Complaint did not list separate counts under the FMLA and ADA, Plaintiff does not recognize that it nevertheless asserted a substantially federal claim(s). *See, e.g.,* Doc. 13 at 4 (arguing that the "Complaint has not stated any cause of action or claim based upon the [ADA] or the [FMLA]" but acknowledging that the statutes were referenced therein as "a reference that the Defendants . . . violated and interfered with Plaintiff's contract rights."). To that end, Plaintiff characterizes her deletion of references to the statutes in the proposed Amended Complaint as a mere formality, rather than a substantive amendment withdrawing her federal claims. *See, e.g.,* Doc. 17 at 2 (reiterating her position that there is no federal question presented in the original Complaint because it presents "a single claim for breach of contract," but offering

to "remove[] the references which concerned the Defendants").  Notably, Plaintiff does not respond to Defendants' repeated contention that, in the event of remand, she will continue to argue before the state court that Defendants' breached her employment contract by violating the standards established by the ADA and the FMLA.

Because it is unclear whether Plaintiff has abandoned her claims that Defendants violated the ADA and FMLA, the Court will order supplemental briefing on the issue, as set forth below.

### CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Leave to Amend Plaintiff's Complaint* (Doc. 14) is **GRANTED**.

With regard to Plaintiff's *Motion to Remand* (Doc. 13), Plaintiff is **HEREBY ORDERED** to file a supplemental brief of no more than 10 pages explaining whether she intends to continue pursuing her substantially federal claim(s) that Defendants breached her employment contract by violating her rights under the ADA and the FMLA.  Plaintiff's supplemental brief is due no later than **Tuesday, November 1, 2011.**

**IT IS FURTHER ORDERED** that Defendants may file a supplemental response limited to the issue addressed in Plaintiff's supplemental brief.  Any supplemental response may be no longer than 10 pages in length.  Defendants' supplemental response is due no later than **Tuesday, November 15, 2011.**

**DATED** this 18th day of October, 2011.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff</u>:
Lawrence M. Pickett

<u>Attorneys for Defendants</u>:
C. Emery Cuddy, Jr.
Andrew M. Sanchez