UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHERINE N. FERRERA,

       Plaintiff,

       v.                               No. 2:11-00053-MV-LAM

BOARD OF THE GADSDEN
INDEPENDENT SCHOOL DISTRICT,
in their capacity as School Board
Members and in their individual
capacities; and CYNTHIA NAVA, in her
official capacity as Superintendent for
the District and in her official capacity as
Superintendent for the District and in her
individual capacity,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

       **This matter** comes before the Court on Plaintiff Catherine N. Ferrera's *Motion to Remand* (Doc. 13).  On October 18, 2011, this Court entered a Memorandum Opinion and Order ("the October 18 Order") granting Plaintiff leave to amend her Complaint to delete any and all explicit references to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. (the "ADA"), and the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq. (the "FMLA").  (Doc. 22).  The Court declined, however, to rule on Plaintiff's motion to remand this action to state court, as I was not convinced that Plaintiff had evinced an intent to meaningfully alter what had been a substantially federal claim.  Consequently, the Court ordered Plaintiff to file a supplemental brief explaining whether the standards established by the ADA and the FMLA continue to figure into her amended, single-count action for breach of contract.  The Court, having considered the supplemental briefing and the relevant law, and being otherwise

fully informed, finds that Plaintiff's *Motion to Remand* (Doc. 13) should be **DENIED**.

## DISCUSSION

The Court previously described the enigmatic nature of Plaintiff's claim in the October

18 Order.  (Doc. 22).  In sum, while both Complaints filed in this action have asserted only a

single count for breach of contract, the main thrust of Plaintiff's allegations is that Defendants

failed to accommodate her disability when changing the terms of her renewable annual

employment contracts with the Gadsden Independent School District.  *See id.* at 9 (citing

references to Defendants' disparate treatment of Plaintiff on the basis of disability appearing

throughout the Original Complaint and concluding that Plaintiff's disability status "thus

underlies the whole of her Complaint").  Specifically, Plaintiff's Original Complaint asserted

three "conditions of breach," only two of which – Defendants' alleged federal violations of the

ADA and the FMLA – were discussed at length.  The third "condition of breach" – that

Defendants breached Plaintiff's contract by "not allowing her to continue to teach at Sunrise

Elementary School," (Doc. 13 Ex. 1, Cplt. ¶ 51) – was mentioned only in passing.  The Court

noted that while this "third condition of breach" did not, on its face, implicate any federal law,

> the factual allegations surrounding Plaintiff's forced transfer from her teaching
> position – that it was precipitated by Defendants' accusation that Plaintiff was
> taking excessive medical absences and subsequent determination that she was
> substantially impaired and entitled to reasonable accommodation in her
> employment – are apparently the same as those underlying the other two
> "conditions of breach," and all implicate Plaintiff's disability status.   Moreover,
> Plaintiff has not offered any standard by which to measure Defendants' conduct
> other than those set forth by the ADA and the FMLA.

(Doc. 22 at 10).  Consequently, the Court determined that resolution of a federal question was

necessary to resolve Plaintiff's contractual claim as set forth in the Original Complaint.

The question before the Court is whether, by amending her Complaint to jettison the allegations that her employment contract was breached by Defendants' failure to comply with the ADA and the FMLA,[1] Plaintiff has done enough to obtain remand to the state court.  In the October 18 Order, the Court found that Plaintiff had yet to evince a clear intent to withdraw what had been a substantially federal claim.  Rather, the Court noted how Plaintiff characterized her decision to eliminate any reference to the two federal statutes in the Amended Complaint as a mere formality made to accommodate Defendants, rather than a substantive amendment.  *See, e.g.*, Doc. 17 at 2 (Plaintiff reiterating her position that the Original Complaint was not subject to federal jurisdiction because it presented "a single claim for breach of contract," but offering to "remove[] the references which concerned the Defendants").  Further, the Court noted Plaintiff's pointed silence in response to Defendant's contention that, in the event of remand, Plaintiff would resurrect her argument that Defendants breached her employment contract by violating the standards established by the ADA and the FMLA.

Having been made fully aware of this Court's specific concerns about the nature of her contractual claim, it was Plaintiff's responsibility to convince the Court that her amended claim no longer "necessarily depends on resolution of a substantial question of federal law."  *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S., 308, 313 (2005).  Plaintiff has failed to do so.  In her three-paragraph supplemental brief, Plaintiff reiterates her argument – rejected by this Court in the October 18 Order – that the allegations with respect to the ADA and

---

[1]Specifically, Plaintiff's Amended Complaint: altered Paragraph 10 of the Original Complaint, which stated that the Court "has jurisdiction pursuant to state **and federal laws**. . . . ," (emphasis added), to omit the highlighted words; deleted Paragraph 52, which set forth how her contract was breached by Defendants' failure to comply with the ADA; and deleted Paragraph 53, which recited her theory that her contract was breached by Defendants' failure to comply with the FMLA.

the FMLA in the Original Complaint amounted to no more than additional theories offered in

support of her stand-alone state law claim for breach of contract, but concedes that "[i]n

retrospect, . . . these paragraphs raise[d] sufficient red flags on the issue of substantial federal

questions." (Doc. 23 at 2). In conclusion, Plaintiff summarily affirms to the Court that her

removal of any explicit reference to a federal statute in her Amended Complaint is

> a substantive amendment withdrawing and abandoning any federal claims. In
> response to Defendants' concerns that if remanded to the state court, Plaintiff
> intends to somehow resurrect the federal claims through the breach of contract
> claim, that will not occur. This will strictly be a state claim in state court for
> breach of contract.

(*Id.* at 2-3).

Plaintiff ignores the fact that the Court's Order sought an explanation, not an avowal.

Plaintiff does not set forth how her amended claim that her contract was breached by

Defendants' removing her from her teaching position following a rise in illness-related absences

either a.) no longer implicates her disability status or b.) would require the state court to consider

only a non-federal standard by which to evaluate Defendants' conduct in order to be resolved.

Indeed, neither the Amended Complaint nor Plaintiff's supplemental brief cite any non-federal

law on which Plaintiff intends to rely to support her amended claim. It is simply unclear

whether Plaintiff recognizes that, if she relies on the argument that Defendants breached her

contract by violating a federal statute – even as additional "theories that supported her claim for

breach of contract," in Plaintiff's parlance (Doc. 23 at 2) – she has nonetheless asserted a federal

question.

Because Plaintiff has not shown how her Amended Complaint will not require the

presiding court to consider a federal question, and, moreover, because "federal jurisdiction . . . is

determined at the time the complaint was filed and is not affected by subsequent changes in the

claims," *Lord v. Jacobs,* 2006 U.S. Dist. LEXIS 26855, at \*2 (D.N.H., April 16, 2006), this

Court will retain jurisdiction over the Amended Complaint.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's *Motion to*

*Remand* (Doc. 13) is **DENIED.**

DATED this 27th day of January, 2012.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
Lawrence M. Pickett

Attorneys for Defendants:
C. Emery Cuddy, Jr.
Andrew M. Sanchez