IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHERINE N. FERRERA,

       **Plaintiff,**

vs.                                                       No. CIV-11-0053 MV/LAM

**BOARD OF THE GADSDEN
INDEPENDENT SCHOOL DISTRICT,**
in their capacity as School Board
Members and in their individual
capacities; and **CYNTHIA NAVA,**
in her official capacity as Superintendent
for the District and in her individual capacity,

       **Defendants.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Plaintiff's *Second Motion for Leave to Amend Plaintiff's Complaint (Doc. 31)*, Defendant's response to the motion [*Doc. 32*], and Plaintiff's reply [*Doc. 35*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that Plaintiff's *Second Motion for Leave to Amend Plaintiff's Complaint (Doc. 31)* be **GRANTED in part** and **DENIED in part**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

On June 21, 2012, United States District Judge Martha Vázquez designated the undersigned to hear and determine this motion in accordance with 28 U.S.C. § 636(b)(1)(A).  [*Doc. 37*]. Section 636(b)(1)(A) authorizes a magistrate judge to hear and determine pretrial matters, other than motions for injunctive relief, for judgment on the pleadings, and for summary judgment, etc., and the standard of review of these types of orders is whether the magistrate judge's order is clearly erroneous or contrary to law.  However, the Tenth Circuit has explained that, when a magistrate judge determines a dispositive matter, the magistrate judge should issue a recommendation that can be reviewed upon objections under the *de novo* standard of review.  *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) (interpreting Section 636(b)(1)(A) in light of Fed.R.Civ.P 72 procedures for magistrate judges to follow regarding pretrial matters: "The Rule [72] reflects the division in section 636(b) between matters as to which magistrate[ judge]s may issue orders and matters as to which magistrate[ judge]s may make only proposed findings of fact and recommendations.  [Even though] the Rule does not list the specific motions which fall into each category, but simply refers to matters as either 'dispositive' or 'not dispositive' of a claim or defense [and] [a]s to *any* dispositive matter, magistrate authority is limited and the district court must use the *de novo* standard of review [such that] motions not designated on their face as one of those excepted in [Section 636(b)(1)](A) are nevertheless to be treated as such a motion when they have an identical effect") (citations omitted); *see also Georgacarakos v. Wiley*, Civil Action No. 07-cv-01712-MSK-MEH, 2009 WL 440934, at *5 (D.Colo. Feb. 23, 2009) (unpublished) ("Because the Magistrate Judge's recommendation is dispositive as to the new claim the Plaintiff seeks to assert, the Court reviews the objected-to portion of the Recommendation *de novo*.") (citing Fed. R. Civ. P. 72(b)); *Wood v. World Wide Assoc. of Specialty Programs and Schools, Inc.*, No. 2:06-CV-708 TS; 2008 WL 4065622, at *1 (D.Utah Aug. 26, 2008) (unpublished) (explaining

that a determination of whether to grant a motion to amend a complaint based on the grounds of futility is a dispositive determination and should be reviewed using a *de novo* standard); and *McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2003 WL 158704, at *1 (D.Kan. Jan. 17, 2003) (unpublished) (explaining that, while a motion to amend the complaint is typically a non-dispositive ruling subject to the clearly erroneous standard of review, a determination of a motion to amend based on futility grounds is similar to a motion to dismiss under Rule 12(b)(6), which is dispositive and subject to *de novo* review). Because Defendants contend that Plaintiff's motion to amend her compliant is futile, which necessitates a dispositive determination of Plaintiff's claims, the undersigned will proceed under 28 U.S.C. § 636(b)(1)(B), and enter proposed findings of fact and recommendations pursuant to that statute.

## BACKGROUND

Plaintiff is a teacher who originally filed her complaint in state court alleging that Defendants breached their employment contract with her by failing to allow her to continue to teach at Sunrise Elementary School in Chaparral, New Mexico. *See* [*Doc. 1-2* at 3 and 8-9]. In that complaint, Plaintiff stated that, at the time she started her employment with Defendants, "she had suffered from a serious medical condition (HIV-positive) which disabled her in the following respects: depression, post-traumatic stress disorder, and anxiety," and that Defendants failed to accommodate her disability. *Id.* at 4-5. On January 17, 2011, Defendants removed this case from state court, stating that this Court has federal question subject matter jurisdiction because Plaintiff's action predominantly arises under the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). [*Doc. 1* at 2]. On March 21, 2011, Plaintiff moved to remand the case to state court because she contended that her complaint only stated a cause of action for breach of her employment contract, and did not rely upon or fall within the scope of the FMLA or the ADA.

[*Doc. 13* at 3]. On that same date, Plaintiff also moved to amend her complaint to remove references to the FMLA and the ADA to clarify that her claim was limited to state jurisdiction. [*Doc. 14* at 2].

On October 18, 2011, United States District Judge Martha Vázquez entered an order granting Plaintiff's motion to amend her complaint, stating that "the Court will decline to retain jurisdiction over Plaintiff's contractual claim and remand the case to state court if it can be assured that Plaintiff has withdrawn her federal claims, and not merely her explicit references to two federal statutes." [*Doc. 22* at 12]. The Court explained that, "[b]ecause it is unclear whether Plaintiff has abandoned her claims that Defendants violated the ADA and FMLA, the Court will order supplemental briefing on the issue." *Id.* at 13. In her supplemental briefing, Plaintiff stated that she intended to withdraw and abandon any alleged federal claims, and that she would not try to resurrect those claims if her case is remanded to state court. [*Doc. 23* at 2-3].

On January 27, 2012, Judge Vázquez entered an order denying Plaintiff's motion to remand because Plaintiff failed to set forth how her breach of contract claim does not implicate her disability status, which necessarily implies the federal statutes. [*Doc. 25* at 4]. The Court explained that "Plaintiff has not shown how her Amended Complaint will not require the presiding court to consider a federal question," so the Court declined to remand the matter to state court and retained jurisdiction over Plaintiff's amended complaint. *Id.* at 4-5.

In Plaintiff's second motion to amend her complaint, which is currently before the Court, she states that she "is accepting her case to be heard under federal jurisdiction standards," and asks the Court to allow her to add claims for "retaliation and reprisal" under the ADA and "discrimination" under the FMLA, and to amend her breach of contract claim to include once again the allegations referring to the ADA and FMLA that were in her original complaint. [*Doc. 31* at 3]

4

and [*Doc. 31-1* at 9-13]. Defendants oppose this motion because they contend that the proposed amendments are futile. [*Doc. 32* at 2].

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allow amendment of a pleading, after a responsive pleading has been served, "only with the opposing party's written consent or the court's leave." While leave to amend should be freely given (Fed. R. Civ. P. 15(a)(2)), the Court may refuse leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and internal quotation marks omitted).

## ANALYSIS

### A. *Plaintiff's Retaliation and Reprisal Claim Under the ADA (Count One)*

Defendants first contend that the common law tort of retaliation is not available to Plaintiff as a matter of law because Plaintiff was never an at-will employee of the Gadsden Independent School District. [*Doc. 32* at 4]. Plaintiff, however, does not set forth a common law claim for retaliation -- she claims retaliation under the ADA. *See* [*Doc. 31-1* at 9] (alleging that Defendants violated the ADA by retaliating against Plaintiff when she initiated a formal complaint against them for failing to reasonably accommodate her disability) and [*Doc. 35* at 7] (Plaintiff explaining in her reply to her motion to amend that her retaliation claim is brought under the ADA and, therefore, Defendant's assertion that the common tort of retaliatory discharge is not available "is irrelevant and moot"). The Court, therefore, finds that it is unnecessary to address this argument because no such claim has been alleged.

With regard to Plaintiff's claim for retaliation and reprisal under the ADA, Defendants contend that this Court lacks subject matter jurisdiction for this claim because Plaintiff has failed to exhaust her administrative remedies under the ADA. [*Doc. 32* at 8]. Defendants contend that Plaintiff was required to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") within 300 days of the aggrieved conduct in order to proceed with this claim, and Plaintiff failed to do so. *Id.* Plaintiff replies that she is not asserting harassment under Title VII, so she was not required to file a charge of discrimination with the EEOC. [*Doc. 35* at 8].

"[E]xhaustion of administrative remedies is a jurisdictional prerequisite to" filing suit under the ADA in the Tenth Circuit. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007). As explained by the Tenth Circuit in *Jones*, "Title I of the ADA requires a plaintiff to exhaust her administrative remedies before filing suit," and "[t]he first step to exhaustion is the filing of a charge of discrimination with the EEOC." *Id.* (citations omitted). Plaintiff's reliance on *McKinley Craft v. Yellow Freight System, Inc.*, No. 97-1029, 139 F.3d 911, 1998 WL 72783, at *3 (10th Cir. Feb. 23, 1998) (unpublished), for her contention that she was not required to file a charge with the EEOC is unavailing because, in that case, the plaintiff filed EEOC charges, and the Tenth Circuit found that he could seek judicial relief for discrimination that was not described in those charges if the discrimination was reasonably related to the allegations in the filed charges. Because Plaintiff does not contend that she filed any charges with the EEOC, or took any steps whatsoever to activate the administrative process with the EEOC, the Court finds that, as worded, Count One of Plaintiff's proposed second amended complaint fails to state a claim for relief. Therefore, it would be futile for the Court to allow Plaintiff's motion to amend her complaint to add this claim. Accordingly, the Court recommends that Plaintiff's motion to amend be **denied without prejudice** as to this claim.

6

### *B. Plaintiff's Discrimination Claim Under the FMLA (Count Two)*

Defendants contend that Plaintiff's discrimination claim under the FMLA (Count Two) is futile because Plaintiff fails to allege a cause of action under that statute as well. [*Doc. 32* at 9-10]. Defendants assert that, "no common law claim of breach of contract can be viable against the school district as the FmLA standards cannot be implied terms to Plaintiff's employment contract, and the FMLA remedies were available to Plaintiff as an exclusive remedy." *Id.* Plaintiff replies that she has stated a claim under the FMLA because she alleged that she informed Defendants of her need and intent to take leave, and that there was a temporal proximity between that notice and the school district re-assigning Plaintiff to a different position within the school district. [*Doc. 35* at 9-10].

The Tenth Circuit Court of Appeals has recognized two theories for recovery under the FMLA. *See DeFreitas v. Horizon Inv. Mgmt. Corp.*, 577 F.3d 1151, 1159 (10th Cir. 2009). First, a plaintiff may bring an interference claim under 29 U.S.C. § 2615(a)(1), which makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. *Id.* In order to prevail on an FMLA interference claim, Plaintiff must show that: (1) "she was entitled to FMLA leave;" (2) Defendants took some adverse action that interfered with Plaintiff's "right to take FMLA leave;" and (3) Defendants' "action was related to the exercise or attempted exercise of [Plaintiff's] FMLA rights." *Id.* (citation and internal quotation marks omitted). Second, a plaintiff may bring a retaliation claim under Section 2615(a)(2), which provides that it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. *Id.; see also Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1004 (10th Cir. 2011). To state a *prima facie* case under a retaliation theory, Plaintiff must allege that: (1) she successfully took FMLA leave; (2) she was restored to her prior employment status; and (3) she was adversely affected by an employment

action based on incidents occurring after her return to work." *See Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287-88 (10th Cir. 2007)

Plaintiff does not state whether she brings her claim under Section 2615(a)(1) or (a)(2). Nevertheless, Plaintiff fails to state an interference claim under Section 2615(a)(1) since she does not allege that Defendants took any action that interfered with her right to take FMLA leave. Plaintiff also fails to state a retaliation claim under Section 2615(a)(2) because she fails to allege that she ever took FMLA leave, which is the first requirement for a *prima facia* retaliation claim. An eligible employee is entitled to a total of 12 workweeks of leave during any 12-month period under the FMLA for specific needs, including "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). While it appears from the allegations in her complaint that Plaintiff may have been eligible for FMLA leave for her health condition, nowhere in the complaint does Plaintiff state that she actually took leave under the FMLA. Although Plaintiff states that she "proceeded to exercise her sick leave rights relating to the [FMLA]," and that she "was giving information in connection with her proceeding relating to her rights under FMLA" (*Doc. 31-2* at 10), Plaintiff does not state that she took leave under the FMLA. *See Ney v. City of Hoisington, Kansas*, No. 07-3086, 264 Fed. Appx. 678, 682, 2008 WL 324203 (10th Cir. Feb. 6, 2008) (unpublished) (explaining that "[t]he mere use of sick leave does not implicate the FMLA; rather the FMLA comes into play when there is a serious health condition that prevents the employee from performing her work," and an employee seeking FMLA-qualifying leave must notify her employer and the employer can require a doctor's certification confirming the serious health condition). The Court, therefore, finds that, as worded, Count Two of Plaintiff's proposed second amended complaint fails to state a claim, and her motion to amend should be **denied without prejudice** as to this claim.

### *C. Plaintiff's Breach of Contract Claim (Count Three)*

In her proposed Second Amended Complaint, Plaintiff seeks to amend her First Amended Complaint by adding the following paragraphs to her state common law breach of contract claim in Count Three: Paragraph 62, which alleges that Defendants breached their employment contract with Plaintiff by failing to comply with the ADA; and, Paragraph 63, which alleges that Defendants breached their employment contract with Plaintiff by failing to comply with the FMLA. Defendants allege that these amendments are futile because Plaintiff's employment contract does not provide an independent and separate requirement that the school district comply with the ADA and the FMLA, and the provisions of the ADA and FMLA cannot be implied terms incorporated into the contract. [*Doc. 32* at 6-8].

These two paragraphs were contained in Plaintiff's original complaint, and were the basis for Defendant's removal of the case from state court because they provided this Court with federal question subject matter jurisdiction. *Compare* Paragraphs 52 and 53 of Plaintiff's original complaint [*Doc. 1-2* at 9-10] *with* Paragraphs 62 and 63 of Plaintiff's proposed Second Amended Complaint [*Doc. 31-1* at 11-13]. As explained above, Judge Vázquez allowed Plaintiff to amend her original complaint to remove these two paragraphs in Plaintiff's attempt to remand her case back to state court. [*Doc. 22*]. When Plaintiff was unable to explain how she would be able to proceed on her breach of contract claim without requiring the presiding court to consider these federal statutes, Judge Vázquez denied Plaintiff's motion to remand. [*Doc. 25*]. The undersigned is unable to understand why Defendants are now opposed to Plaintiff amending her complaint to include references to Defendants' compliance with the ADA and FMLA, which the presiding judge has already found are going to be issues which the Court will have to consider in this case, especially when it was precisely those statutes that provided the federal question subject matter jurisdiction that

allowed Defendants to remove this case to federal court in the first place. Without these paragraphs, Plaintiff would be left without any federal claims and without recourse to state court. Therefore, the Court recommends, in the interest of justice, **granting** Plaintiff's motion to amend as to these paragraphs and allowing this case to proceed.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that Plaintiff's *Second Motion for Leave to Amend Plaintiff's Complaint (Doc. 31)* be **GRANTED in part** and **DENIED in part**, as set forth above.

*/s/ Lourdes A. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**