IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CATHERINE N. FERRERA,**

      **Plaintiff,**

vs.                                  No. CIV-11-0053 MV/LAM

**BOARD OF THE GADSDEN
INDEPENDENT SCHOOL DISTRICT,**
in their capacity as School Board
Members and in their individual
capacities; and **CYNTHIA NAVA,**
in her official capacity as Superintendent
for the District and in her individual capacity,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Second Motion for Leave to Amend Plaintiff's Complaint ("Second Motion to Amend") [Doc. 31], and the Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD") as to Plaintiff's Second Motion to Amend [Doc. 38].  In the PF&RD, the Magistrate Judge recommends that this Court deny Plaintiff's request to add a claim of "retaliation and reprisal" under the ADA and a claim of "discrimination under FMLA," and grant Plaintiff's request to amend her breach of contract claim.  Plaintiff filed objections to the PF&RD on August 15, 2012 [Doc. 39].[1]  The Magistrate Judge ordered Defendants to file a response to Plaintiff's objections [Doc. 41].  Defendants filed their response on September 4, 2012 [Doc. 42], and Plaintiff filed a reply on September 18, 2012 [Doc. 44].

---

[1] Plaintiff also filed an "Appendix/Supplement," which is a citation to the Americans With Disabilities Act, Sections 12201 and 12203.  [Doc. 40].

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the PF&RD.  The Court finds that Plaintiff's objections are without merit, and agrees with the Magistrate Judge's recommendation that Plaintiff should not be permitted to add an ADA claim or an FMLA claim.  The Court, however, also finds that Plaintiff should not be permitted to amend her breach of contract claim.  Accordingly, the Court will: (1) overrule Plaintiff's objections; (2) adopt in part the PF&RD; and (3) deny, in its entirety, Plaintiff's Second Motion to Amend.

## BACKGROUND

On December 27, 2010, Plaintiff filed a Complaint in the Third Judicial District for Doña Ana County, New Mexico asserting a single count for breach of contract, based on Defendants' alleged violations of the conditions of her employment.  The single cause of action listed in the Complaint – for breach of contract – states that during the relevant time period, Plaintiff was operating under her annual contracts with the District for the 2008-2009 and 2009-2010 school years, and that she received notice of the district's intent to reemploy her for the 2010-2011 school year in July 2010, six months after her health insurance was cancelled.  Paragraph 51 of the Complaint asserts that Defendants breached Plaintiff's contract with the District by not allowing her to continue to teach at Sunrise Elementary School.  Paragraphs 52 and 53 assert two other "conditions of breach," pursuant to the ADA and the FMLA, respectively.  Paragraph 52 recites that the Board is an employer covered by the ADA; Plaintiff is "an employee and qualified individual with a disability as those terms are defined under the [ADA]"; Defendants "directly and proximately caused the resultant injuries and damages to Plaintiff" and did so recklessly and maliciously; "[a]ll requirements for coverage under the [ADA] have been met"; Defendants nevertheless "refused her accommodation" under the ADA; and "[r]esulting from

2

these violations, the contract that Plaintiff had with Defendant was breached." Paragraph 53 recites that the Board is an employer within the meaning of the FMLA; Plaintiff is an eligible employee who at all relevant times had serious health conditions as defined by the FMLA; due to these "conditions brought on by the stress and specific acts of the Defendants to remove her from the District [sic]"; and "Defendants violated and interfered with Plaintiff's rights under the [FMLA] in breach of her contract with Defendants."

On January 17, 2011, Defendants removed the action to this Court. The Notice of Removal stated that the Court "has original jurisdiction pursuant to 28 U.S.C. § 1441 (a), (b), and (c) and D.N.M.LR-81.1(a)" because the case "arises predominantly under the federal law provisions of the [FMLA] and the [ADA]." Doc. 1 at 2. On March 21, 2011, Plaintiff filed a Motion to Remand [Doc. 13] and a Motion for Leave to Amend Plaintiff's Complaint ("First Motion to Amend") [Doc. 14], both with the same end in mind: remand to State Court. With respect to her motion to remand, Plaintiff argued that the Complaint presented a single claim for breach of contract that "does not rely upon," "fall within the scope of," or "arise out of any claim directly related to" the ADA or the FMLA, and thus does not present a federal question. Doc. 13 at 3. Plaintiff contended that, because these federal statutes are not "the source of [her] contractual claim," they need not be construed by the trier of fact, and indeed, insisted that she "exclusively relied on state law to avoid federal jurisdiction issues." *Id.* at 4. With respect to her motion to amend, Plaintiff requested leave of the Court to jettison any references to the ADA and the FMLA from the Complaint, which she contended will "leave no question about [her] claim being limited to state jurisdiction." Doc. 14 at 2.

In its Memorandum Opinion and Order entered on October 18, 2011 [Doc. 25], the Court, as a threshold matter, held that it had subject matter jurisdiction over Plaintiff's

3

Complaint, and that Defendants' removal of the case thus was proper.  Next, the Court allowed Plaintiff to amend her Complaint in the three ways she proposed, namely: (1) to alter Paragraph 10, which stated that "[t]his Court has jurisdiction pursuant to state **and federal laws.** . . . ," (emphasis added), to omit the highlighted words; (2) to delete Paragraph 52, which alleged that her employment contract was breached by Defendants' failure to comply with the ADA; and (3) to delete Paragraph 53, which recited her theory that her contract was breached by Defendants' failure to comply with the FMLA.  Finally, the Court reserved decision on Plaintiff's Motion to Remand, and ordered Plaintiff to file a supplemental brief explaining whether she intended to continue to pursue her substantially federal claims that Defendants breached her employment contract by violating her rights under the ADA and the FMLA.

In its Memorandum Opinion and Order entered on January 27, 2012, the Court denied Plaintiff's Motion to Remand.  [Doc. 25].  The Court explained that Plaintiff had failed to convince the Court that her amended claim no longer depended on resolution of a substantial question of federal law.  Specifically, Plaintiff failed to set forth how her amended claim that her contract was breached by Defendants' removing her from her teaching position following a rise in illness-related absences either a.) no longer implicated her disability status or b.) would require the state court to consider only a non-federal standard by which to evaluate Defendants' conduct in order to be resolved.  The Court concluded that, because Plaintiff had not shown how her Amended Complaint would not require the presiding court to consider a federal question, the Court would retain jurisdiction over the Amended Complaint.

On March 1, 2012, Plaintiff filed her Second Motion to Amend, "accepting her case to be heard under federal jurisdiction standards," and seeking:  (1) to add a claim of "Retaliation and Reprisal" under the ADA (proposed Count I); (2) to add a claim of  "Discrimination under

FMLA" (proposed Count II); and (3) and to amend her existing Breach of Contract claim to include the allegations referring to federal laws, the ADA and the FMLA that she had deleted from her original Complaint pursuant to her First Motion to Amend (proposed Count III).  Doc. 31.  On March 15, 2012, Defendants filed a response in opposition, arguing that all of Plaintiff's proposed amendments are futile.  Doc. 32.  This Court referred Plaintiff's Second Motion to Amend to the Magistrate Judge, and on August 1, 2012, the Magistrate Judge filed the PF&RD.  Doc. 38.  Plaintiff's objections, Doc. 39, and Defendants' response thereto, Doc. 42, followed.

## DISCUSSION

I.     Claim of Retaliation and Reprisal (Proposed Count I)

In the PF&RD, the Magistrate Judge found that it would be futile to allow Plaintiff to amend her Complaint to add claims for retaliation and reprisal under the ADA, because Plaintiff failed to exhaust her administrative remedies under that statute.  Doc. 38 at 6.  Plaintiff objects to this finding, stating that she notified her employer about her disability, attempted to resolve her complaints directly with the school, and then filed a formal grievance with the school.  *Id.* Plaintiff cites to Title III of the ADA in her objection.  *Id.* at 2.

Title III of the ADA pertains to claims regarding public accommodations.  Plaintiff, however, brought her claim under Title I, which is for employment claims.  *See Elwell v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, __ F.3d __, No. 11-6061, 2012 WL 3937974, at *4-5 (10th Cir. 2012) (explaining the differences between Title I, Title II and Title III claims, and noting that Title I "is the proper tool for pursuing employment discrimination claims").  As explained in the PF&RD, Title I of the ADA requires exhaustion of a plaintiff's administrative remedies, *see* Doc. 38 at 6, and Plaintiff does not contend that she has taken the steps necessary to do so.  Plaintiff's objection, therefore, is without merit, and will be overruled.  The Court

5

adopts the Magistrate Judge's recommendation to deny without prejudice Plaintiff's motion to amend her Complaint to add a claim of retaliation and reprisal under the ADA.

II.     Claim of Discrimination under FMLA (Proposed Count II)

In the PF&RD, the Magistrate Judge found that it would be futile to allow Plaintiff to amend her Complaint to add a claim of discrimination under the FMLA, because Plaintiff's proposed Amended Complaint fails to state a claim for which relief can be granted under the FMLA.  Doc. 38 at 7-8.  Specifically, the Magistrate Judge found that, because Plaintiff's proposed Amended Complaint fails to allege that she took leave under the FMLA, she fails to meet the first requirement for a *prima facie* retaliation claim.  *Id.* at 8.  Plaintiff objects to this finding.  Doc. 39 at 4-5.

In her objections, Plaintiff states that on January 19, 2010, she filled out a form indicating that she understood that she could proceed under the FMLA, and that "[i]n this document, the Plaintiff did in fact inform the District that she was taking leave under the FMLA."  Doc. 39 at 4.  Plaintiff does not, however, include this allegation in her proposed Amended Complaint.  Further, her proposed Amended Complaint fails to allege a causal connection between her leave and the adverse action by her employer.  *See Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007) (explaining that a plaintiff must show a causal connection between the protected activity and the adverse action).  While Plaintiff alleges that she was reassigned to a non-teaching position in the fall of the 2009-2010 contract year, this occurred *before* she allegedly informed her employer that she was taking FMLA leave.  *See* Doc. 31-1 at 6-7.  Because Plaintiff fails to allege that adverse employment actions taken by Defendants were connected to her FMLA leave, the Court will overrule Plaintiff's objection, and

adopt the Magistrate Judge's recommendation to deny without prejudice Plaintiff's motion to amend her Complaint to add a claim of discrimination under FMLA.

III.     Revisions to Breach of Contract Claim (Proposed Count III)

In the PF&RD, the Magistrate Judge recommends granting Plaintiff's motion to amend her breach of contract claim to reinsert the allegations contained in her original Complaint regarding Defendants' failure to comply with the ADA and the FMLA. Specifically, Plaintiff seeks to (1) alter Paragraph 10, which states "[t]his Court has jurisdiction pursuant to state **and federal laws.** . . . ," (emphasis added), to add the highlighted words, which were in the original Complaint; (2) add Paragraph 62, which contains language identical to that previously contained in paragraph 52 of the original Complaint and alleges that her employment contract was breached by Defendants' failure to comply with the ADA; and (3) add Paragraph 63, which contains language identical to that previously contained in paragraph 53 and recites her theory that her contract was breached by Defendants' failure to comply with the FMLA. The Magistrate Judge bases her recommendation on the fact that these claims were in Plaintiff's original Complaint and were the basis for Defendants' removal of the case from state court. Doc. 38 at 9-10. According to the Magistrate Judge, "[w]ithout these paragraphs, Plaintiff would be left without any federal claims and without recourse to state court." *Id.* at 10.

This Court respectfully disagrees with the Magistrate Judge's reasoning. As an initial matter, "federal jurisdiction . . . is determined at the time the complaint was filed and is not affected by subsequent changes in the claims." *Lord v. Jacobs,* No. 06-CV-079, 2006 WL 1082216, at *1 (D.N.H., Apr. 16, 2006); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 & n.6 (2007) ("when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction

generally does not defeat jurisdiction) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 346 (1988); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)); *Seat v. Farmers Group, Inc.*, No. CIV-06-0309-F, 2006 WL 1285084, at *1 (W.D. Okla. May 5, 2006) (the "propriety of removal jurisdiction is judged on the complaint as it stood at the time of removal," such that a third amended complaint is "immaterial to the question of whether the court should decline to exercise jurisdiction under the exceptions to federal jurisdiction provided in [CAFA]") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).  Accordingly, whether Plaintiff's Complaint, without her proposed amendments, states a federal claim is not determinative of this Court's jurisdiction.  Rather, the only relevant question is whether the Court had jurisdiction over this case at the time of removal.  The Court clearly answered this question in the affirmative in both the October 18, 2011 Order and the January 27, 2011 Order. *See* Doc. 22 at 8-10; Doc. 25 at 2.  Thus, any concerns about whether denial of Plaintiff's request to amend her breach of contract claim would leave her "without any federal claims and without recourse to state court," to the extent that such concerns, in the first instance, would be a proper basis for evaluating the propriety of her proposed amendments, are unfounded.

Next, the Court finds that Plaintiff cannot state a cause of action for breach of contract based on violations of the ADA or the FMLA separate and apart from a claim directly alleging a violation of the ADA or the FMLA.  As Defendants aptly argued in opposition to Plaintiff's Second Motion to Amend, because they were obligated by statute to abide by the ADA and the FMLA, compliance with those statutes cannot be an implied term in an employment contract. *See Mutual v. Tex. Roadhouse Mgm't Corp.*, 753 F. Supp. 2d 954, 969 (D.S.D. 2010) (granting summary judgment on a breach of contract claim seeking to enforce anti-discrimination provisions in employee handbook, because employer already must abide by Title VII and a

promise to perform a legal duty is not consideration for a return promise); *Byra-Grzegorczyk v. Bristol-Myers Squibb Co.*, 572 F. Supp. 2d 233, 254 (D. Conn. 2008) (recognizing that an "anti-discrimination policy" does not indicate that an employer is undertaking any contractual obligations toward the employee; rather it requires the employer "to comply with federal and state anti-discrimination laws"); *see also Salazar v. City of Albuquerque*, 776 F. Supp. 2d 1217, 1251 (D.N.M. 2011) ("an agreement to do what one is already legally bound to do is not sufficient consideration for a promise to another."). Accordingly, Defendants' failure to comply with the ADA or the FMLA cannot provide a basis for Plaintiff's breach of contract claim.

Finally, even if it were proper to base a breach of contract claim on violations of the ADA and/or the FMLA, Plaintiff's proposed amendments to her breach of contract claim would be equally as futile as her effort to include claims explicitly alleging violations of the ADA and the FMLA. Plaintiff seeks to add, as a basis for her breach of contract claim, the very language from her original Complaint that the Court specifically held constitutes allegations of violations of the ADA and the FMLA. *See* Doc. 22 at 9-10 (noting that Plaintiff did not offer any standard by which to measure Defendants' conduct other than those set forth by the ADA and the FMLA). As set forth above, Plaintiff has not taken the steps required to exhaust her administrative remedies under the ADA, and the Court thus has no jurisdiction over her ADA claim. Similarly, as set forth above, Plaintiff has failed to adequately allege either that she took FMLA leave, or that there was a causal connection between her taking of leave and any adverse action by her employer, and thus has failed to state a claim under the FMLA. Allowing Plaintiff to amend her breach of contract claim to include allegations of Defendants' failure to comply with the ADA and the FMLA thus would be futile.

## CONCLUSION

The Court agrees with the Magistrate Judge that allowing Plaintiff to amend her Complaint to add claims under the ADA and the FMLA would be futile. The Court further finds that allowing Plaintiff to amend her breach of contract claim to include allegations regarding Defendants' failure to comply with the ADA and the FMLA would be equally futile.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the PF&RD [Doc. 39] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 38] are **ADOPTED IN PART** by the Court, as follows: (1) the Court adopts the Magistrate Judge's recommendation to deny Plaintiff's motion to amend her Complaint to add claims under the ADA and the FMLA; and (2) the Court does not adopt the Magistrate Judge's recommendation to grant Plaintiff's motion to amend her breach of contract claim to include allegations regarding Defendants' failure to comply with the ADA and the FMLA.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Leave to Amend Plaintiff's Complaint [Doc. 31] is **DENIED** in its entirety.


Dated: October 29, 2012

_____
**HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**