IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CATHERINE N. FERRERA,**

       **Plaintiff,**

**vs.**                              **No. CIV-11-0053 MV/LAM**

**BOARD OF THE GADSDEN
INDEPENDENT SCHOOL DISTRICT,
in their capacity as School Board
Members and in their individual
capacities; and CYNTHIA NAVA,
in her official capacity as Superintendent
for the District and in her individual capacity,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss [Doc. 51]. The Court, having considered the Motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

### PROCEDURAL HISTORY

On December 27, 2010, Plaintiff filed a Complaint in the Third Judicial District for Doña Ana County, New Mexico asserting a single count for breach of contract, based on Defendants' alleged violations of the conditions of her employment.   The single cause of action listed in the Complaint – for breach of contract – states that during the relevant time period, Plaintiff was operating under her annual contracts with the District for the 2008-2009 and 2009-2010 school years, and that she received notice of the district's intent to reemploy her for the 2010-2011 school year in July 2010, six months after her health insurance was cancelled.   Paragraph 51 of the

1

Complaint asserts that Defendants breached Plaintiff's contract with the District by not allowing her to continue to teach at Sunrise Elementary School.   Paragraphs 52 and 53 assert two other "conditions of breach," pursuant to the ADA and the FMLA, respectively.   Paragraph 52 recites that the Board is an employer covered by the ADA; Plaintiff is "an employee and qualified individual with a disability as those terms are defined under the [ADA]"; Defendants "directly and proximately caused the resultant injuries and damages to Plaintiff" and did so recklessly and maliciously; "[a]ll requirements for coverage under the [ADA] have been met"; Defendants nevertheless "refused her accommodation" under the ADA; and "[r]esulting from these violations, the contract that Plaintiff had with Defendant was breached."   Paragraph 53 recites that the Board is an employer within the meaning of the FMLA; Plaintiff is an eligible employee who at all relevant times had serious health conditions as defined by the FMLA; due to these "conditions brought on by the stress and specific acts of the Defendants to remove her from the District [sic]"; and "Defendants violated and interfered with Plaintiff's rights under the [FMLA] in breach of her contract with Defendants."

On January 17, 2011, Defendants removed the action to this Court.   The Notice of Removal stated that the Court "has original jurisdiction pursuant to 28 U.S.C. § 1441 (a), (b), and (c) and D.N.M.LR-81.1(a)" because the case "arises predominantly under the federal law provisions of the [FMLA] and the [ADA]."   Doc. 1 at 2.   On March 21, 2011, Plaintiff filed a Motion to Remand [Doc. 13] and a Motion for Leave to Amend Plaintiff's Complaint ("First Motion to Amend") [Doc. 14], both with the same end in mind: remand to State Court.   With respect to her motion to remand, Plaintiff argued that the Complaint presented a single claim for breach of contract that "does not rely upon," "fall within the scope of," or "arise out of any claim directly related to" the ADA or the FMLA, and thus does not present a federal question.   Doc. 13

2

at 3.   Plaintiff contended that, because these federal statutes are not "the source of [her] contractual claim," they need not be construed by the trier of fact, and indeed, insisted that she "exclusively relied on state law to avoid federal jurisdiction issues."   *Id.* at 4.   With respect to her motion to amend, Plaintiff requested leave of the Court to jettison any references to the ADA and the FMLA from the Complaint, which she contended will "leave no question about [her] claim being limited to state jurisdiction."   Doc. 14 at 2.

In its Memorandum Opinion and Order entered on October 18, 2011 [Doc. 25], the Court, as a threshold matter, held that it had subject matter jurisdiction over Plaintiff's Complaint, and that Defendants' removal of the case thus was proper.   Next, the Court allowed Plaintiff to amend her Complaint in the three ways she proposed, namely: (1) to alter Paragraph 10, which stated that "[t]his Court has jurisdiction pursuant to state **and federal laws.** . . . ," (emphasis added), to omit the highlighted words; (2) to delete Paragraph 52, which alleged that her employment contract was breached by Defendants' failure to comply with the ADA; and (3) to delete Paragraph 53, which recited her theory that her contract was breached by Defendants' failure to comply with the FMLA. Finally, the Court reserved decision on Plaintiff's Motion to Remand, and ordered Plaintiff to file a supplemental brief explaining whether she intended to continue to pursue her substantially federal claims that Defendants breached her employment contract by violating her rights under the ADA and the FMLA.

In its Memorandum Opinion and Order entered on January 27, 2012 ("January 27, 2012 Order"), the Court denied Plaintiff's Motion to Remand.   [Doc. 25].   The Court explained that Plaintiff had failed to convince the Court that her amended claim no longer depended on resolution of a substantial question of federal law.   Specifically, Plaintiff failed to set forth how her amended claim that her contract was breached by Defendants' removing her from her teaching position

3

following a rise in illness-related absences either a.) no longer implicated her disability status or b.) would require the state court to consider only a non-federal standard by which to evaluate Defendants' conduct in order to be resolved.   The Court concluded that, because Plaintiff had not shown how her Amended Complaint would not require the presiding court to consider a federal question, the Court would retain jurisdiction over the Amended Complaint.

On March 1, 2012, Plaintiff filed her Second Motion for Leave to Amend ("Second Motion to Amend"), "accepting her case to be heard under federal jurisdiction standards," and seeking: (1) to add a claim of "Retaliation and Reprisal" under the ADA (proposed Count I); (2) to add a claim of "Discrimination under FMLA" (proposed Count II); and (3) and to amend her existing Breach of Contract claim to include the allegations referring to federal laws, the ADA and the FMLA that she had deleted from her original Complaint pursuant to her First Motion to Amend (proposed Count III).   Doc. 31.   On March 15, 2012, Defendants filed a response in opposition, arguing that all of Plaintiff's proposed amendments are futile.   Doc. 32.   This Court referred Plaintiff's Second Motion to Amend to the Magistrate Judge.   On August 1, 2012, the Magistrate Judge filed Proposed Findings and Recommended Disposition ("PFRD"), Doc. 38, which the Court adopted in part in a Memorandum Opinion and Order dated October 29, 2012 ("October 29, 2012 Order").

In the October 29, 2012 Order, the Court adopted the Magistrate Judge's finding that it would be futile to allow Plaintiff to amend her Complaint to add claims for retaliation and reprisal under the ADA, because Plaintiff failed to exhaust her administrative remedies under that statute. Doc. 38 at 6.   Further, the Court adopted the Magistrate Judge's finding that it would be futile to allow Plaintiff to amend her Complaint to add a claim of discrimination under the FMLA, because

Plaintiff's proposed Amended Complaint failed to state a claim for which relief can be granted under the FMLA.   Doc. 38 at 7-8.

The Court, however declined to adopt the Magistrate Judge's recommendation that the Court grant Plaintiff's motion to amend her breach of contract claim to reinsert the allegations contained in her original Complaint regarding Defendants' failure to comply with the ADA and the FMLA.   Specifically, Plaintiff sought to (1) alter Paragraph 10, which states "[t]his Court has jurisdiction pursuant to state **and federal laws.** . . . ," (emphasis added), to add the highlighted words, which were in the original Complaint; (2) add Paragraph 62, which contains language identical to that previously contained in paragraph 52 of the original Complaint and alleges that her employment contract was breached by Defendants' failure to comply with the ADA; and (3) add Paragraph 63, which contains language identical to that previously contained in paragraph 53 and recites her theory that her contract was breached by Defendants' failure to comply with the FMLA.

This Court held that Plaintiff cannot state a cause of action for breach of contract based on violations of the ADA or the FMLA separate and apart from a claim directly alleging a violation of the ADA or the FMLA.   Specifically, the Court stated:

> [B]ecause [Defendants] were obligated by statute to abide by the ADA and the FMLA, compliance with those statutes cannot be an implied term in an employment contract.   *See Mutual v. Tex. Roadhouse Mgm't Corp.*, 753 F. Supp. 2d 954, 969 (D.S.D. 2010) (granting summary judgment on a breach of contract claim seeking to enforce anti-discrimination provisions in employee handbook, because employer already must abide by Title VII and a promise to perform a legal duty is not consideration for a return promise); *Byra-Grzegorczyk v. Bristol-Myers Squibb Co.*, 572 F. Supp. 2d 233, 254 (D. Conn. 2008) (recognizing that an "anti-discrimination policy" does not indicate that an employer is undertaking any contractual obligations toward the employee; rather it requires the employer "to comply with federal and state anti-discrimination laws"); *see also Salazar v. City of Albuquerque*, 776 F. Supp. 2d 1217, 1251 (D.N.M. 2011) ("an agreement to do what one is already legally bound to do is not sufficient consideration for a promise to another.").   Accordingly, Defendants' failure to comply with the ADA or the FMLA cannot provide a basis for Plaintiff's breach of contract claim.

5

Doc. 45 at 8-9.   The Court further held that, even it if were proper to base a breach of contract

claim on violations of the ADA and/or the FMLA, Plaintiff's proposed amendments to her breach

of contract claim would be equally as futile as her effort to include claims explicitly alleging

violations of the ADA and the FMLA.   Specifically, the Court explained:

> Plaintiff seeks to add, as a basis for her breach of contract claim, the very language
> from her original Complaint that the Court specifically held constitutes allegations
> of violations of the ADA and the FMLA.   *See* Doc. 22 at 9-10 (noting that Plaintiff
> did not offer any standard by which to measure Defendants' conduct other than
> those set forth by the ADA and the FMLA).   As set forth above, Plaintiff has not
> taken the steps required to exhaust her administrative remedies under the ADA, and
> the Court thus has no jurisdiction over her ADA claim.   Similarly, as set forth
> above, Plaintiff has failed to adequately allege either that she took FMLA leave, or
> that there was a causal connection between her taking of leave and any adverse
> action by her employer, and thus has failed to state a claim under the FMLA.
> Allowing Plaintiff to amend her breach of contract claim to include allegations of
> Defendants' failure to comply with the ADA and the FMLA thus would be futile.

*Id.* at 9.   The Court thus denied, in its entirety, Plaintiff's Second Motion to Amend.   *Id.* at 11.

Thereafter, on December 28, 2012, Defendants filed the instant Motion to Dismiss and

Memorandum Brief in Support.   Docs. 51, 52.   Defendants argue that, based on this Court's prior

rulings, Plaintiff's sole claim for breach of contract fails to state a claim upon which relief can be

granted.   On January 14, 2013, Plaintiff filed a response in opposition.   Defendants' reply

followed on January 25, 2013.

## STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon

which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   "The nature of a Rule 12(b)(6) motion

tests the sufficiency of the allegations within the four corners of the complaint."   *Mobley v.*

*McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).   When considering a 12(b)(6) motion, the Court

must accept as true all well-pled factual allegations in the complaint, view those allegations in the

6

light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.   *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss.   *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Plaintiff's Amended Complaint alleges a single count of breach of contract.[1]   In the January 27, 2012 Order, the Court determined that, despite Plaintiff's removal from the original Complaint of any specific references to Defendants' failure to comply with the FMLA and the ADA, Plaintiff had failed to establish that the amended claim no longer depends upon a violation of the FMLA and/or the ADA to establish a breach of Plaintiff's contract.   In particular, the Court found that Plaintiff failed to explain how her claim that her contract was breached by Defendants' removal of her from her teaching position following a rise in illness-related absences no longer

---

[1] Defendants argue that because Plaintiff never properly filed her Amended Complaint, the only Complaint properly in this action is Plaintiff's original Complaint.   Plaintiff, however, attached her proposed Amended Complaint to her First Motion to Amend, which was granted by the Court.   Plaintiff's failure to file her Amended Complaint was inadvertent.   Accordingly, the Court will decide this motion based on Plaintiff's Amended Complaint.

implicated her disability status.   Since then, Plaintiff has provided the Court with no argument or analysis to change this conclusion.   Indeed, in her response to the instant motion, Plaintiff continues to contend that she was "not accommodated in violation of her written contract."   Doc. 53 at 5.   While arguing that her breach of contract claim is not tied to the FMLA or the ADA, Plaintiff's response fails to establish that her claim is based on anything other than Defendants' failure to accommodate her disability.   Accordingly, the Court reaffirms its conclusion that Plaintiff's breach of contract claim relies entirely on alleged violations of the ADA and the FMLA.

As the Court determined in the October 29, 2012 Order, Plaintiff cannot state a cause of action for breach of contract for violations of the ADA or the FMLA.   Specifically, because Defendants were obligated by statute to abide by the ADA and the FMLA, compliance with those statutes cannot be an implied term in an employment contract.   Accordingly, Defendants' failure to comply with the ADA and/or the FMLA cannot provide a basis for Plaintiff's breach of contract claim.   As Plaintiff's sole claim of breach of contract relies entirely on alleged violations of the ADA and/or the FMLA by Defendants, her Amended Complaint fails to state a claim upon which relief can be granted.

**CONCLUSION**

Plaintiff's sole claim of breach of contract relies entirely on alleged violations of the ADA and the FMLA.   Defendants' failure to comply with the ADA and/or the FMLA, however, cannot provide a proper basis for Plaintiff's breach of contract claim.   Accordingly, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. 51] is

**GRANTED**.

Dated:  August 8, 2013

_____
**HONORABLE MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

9